# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA EARL BECK, | 1:06-CV-00074 AWI LJO HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| MIKE EVANS, Warden, | [Doc. #8] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Stanislaus, following his conviction by jury trial on February 7, 2003, of auto theft, burglary, and attempted auto theft. Petitioner was sentenced to serve an indeterminate term of 50 years to life in state prison.

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate Distirct

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, and the lodged documents in support of Respondent's motion to dismiss.

(hereinafter "5th DCA"). On April 14, 2004, the 5th DCA affirmed the conviction. Petitioner then filed a petition for review in the California Supreme Court. On June 23, 2004, the California Supreme Court summarily denied review.

On January 24, 2006, Petitioner filed the instant petition for writ of habeas corpus in this Court. The petition raises the following two claims: 1) "Use of juvenile prior adjudications to increase the length of sentence violates principle announced in Apprendi v. New Jersey"; and 2) "Use of juvenile prior adjudications to increase the length of a sentence violates federal equal protection principles."

On May 17, 2006, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner did not file an opposition.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to

dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on January 24, 2006, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In this case, the petition for review was denied by the California Supreme Court on June 23, 2004.  Thus, direct review concluded on September 21, 2004, when the ninety (90) day period for seeking review in the United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox,

1  159 F.3d 345, 347 (8th Cir.1998). Petitioner had one year until September 21, 2005, absent applicable
2  tolling, in which to file his federal petition for writ of habeas corpus.
3        As previously stated, the instant petition was filed in this Court on January 24, 2006.
4  However, the petition was dated August 24, 2005. In Houston v. Lack, the Court held that a pro se
5  habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities
6  for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266,
7  276, 108 S.Ct. 2379, 2385 (1988).  The Ninth Circuit has applied the rule to assess the timeliness of
8  federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222,
9  (9th Cir. 2001), *citing* Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Here, it is
10 presumed that Petitioner presented his habeas petition to prison authorities on August 24, 2005, the
11 date he signed his petition. In support of this presumption, Petitioner has provided a copy of his mail
12 log highlighting three mailings to the district court on September 21, 2005.
13       However, Respondent argues that Petitioner did not in fact submit the instant petition to
14 prison authorities on August 24, 2005, and that the mail log does not reflect the submission of the
15 instant petition. Respondent's arguments are persuasive. First, Petitioner does not aver that he
16 handed his petition to prison authorities on a date prior to the actual filing date. Second, the Court
17 notes that the mail log submitted by Petitioner with his petition is dated November 22, 2005.
18 Therefore, it is impossible that the instant petition could have been submitted prior to that date, and
19 therefore, is not one of the mailings recorded in the mail log for the date September 21, 2005, or any
20 other date prior to November 22, 2005. Second, Petitioner filed two other petitions in the district
21 court. See Beck v. Evans, 1:05-CV-1216 OWW TAG HC; Beck v. Evans, 1:05-CV-1217 AWI
22 WMW HC. Those petitions were also dated August 24, 2005, yet they were filed on September 27,
23 2005. Those petitions are nearly verbatim to the instant petition but they did not contain the same
24 attachments including, for obvious reasons, the November 22, 2005, mail log. Respondent has
25 submitted a complete mail log for Petitioner documenting incoming and outgoing mail at Salinas
26 Valley State Prison from May 13, 2004, through April 4, 2006. See Lodged Document No. 5. The
27 outgoing mail log records only one mailing to the district court from Petitioner after November 22,
28 2005, and prior to the actual filing date of January 24, 2006. This occurred on January 20, 2006, four

days prior to the actual filing. Therefore, the Court agrees with Respondent and concludes that Petitioner submitted his habeas petition to prison authorities on January 20, 2006. As this date is four months after the limitations period expired, the instant petition is untimely and barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court recently held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir.2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir.2001) (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v. Small, 260 F.3d 984, 986 (9th Cir.2001) (Court found no tolling between consecutive filings at the same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval between a motion for sentence modification in the state superior court and a habeas petition in the superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

In this case, Petitioner did not file any post-conviction collateral challenges with respect to the pertinent judgment or claim in state court. Therefore, Petitioner is not entitled to any statutory tolling.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408 (2005); see also Irwin v. Department of Veteran Affairs,

498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. 408; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner does not argue that the limitations period should be equitably tolled and the Court finds no reason to do so. Accordingly, Petitioner is not entitled to equitable tolling and the petition remains untimely.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within fifteen (15) days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 28, 2006**                    **/s/ Lawrence J. O'Neill**
b9ed48                                          UNITED STATES MAGISTRATE JUDGE